# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-1224V
### Filed: June 30, 2017

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| GREGORY A. RAZKA,           *   | UNPUBLISHED |
|         Petitioner,     * | |
| v.                          *   | Decision on Attorneys' Fees and Costs |
| SECRETARY OF HEALTH         *   | |
| AND HUMAN SERVICES,         *   | |
|         Respondent.    * | |
| * * * * * * * * * * * * * * | |

*Joseph P. Shannon, Esq.*, Shannon Law Group PC, Woodridge, IL, for petitioner.
*Althea W. Davis, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On December 22, 2014, Gregory Razka ("Mr. Razka," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he was diagnosed with Guillain-Barre Syndrome after receiving a Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccination on May 25, 2013. *See* Petition ("Pet."), ECF No. 1. On April 20, 2017, the undersigned issued a Decision awarding compensation to petitioner based on the parties' stipulations. *See* Decision, ECF No. 77.

On April 27, 2017, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 78. Petitioner requests attorneys' fees in the amount of $51,875.50, and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

attorneys' costs in the amount of $19,380.69, for a total amount of $71,256.19.  *Id.* at 2.  In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any in out-of-pocket expenses.  ECF No. 87.

On May 4, 2017, respondent filed a response to petitioner's Motion for Fees.  Response, ECF No. 81.  Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id*. at 3.

Petitioner's counsel is located in and performed all work in this case from the greater Chicago metropolitan area.  The address of the law firm is in Woodridge, Illinois, which is in DuPage County.  Accordingly, the undersigned ordered petitioner to file evidence of the local hourly rates for attorneys with similar experience and practice in Woodridge, Illinois.  Scheduling Order, ECF No. 83.  Petitioner filed "Additional Documentation" on June 15, 2017, in which he provided sufficient evidence that forum rates are appropriate for his counsel, Mr. Shannon.  ECF No. 86.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed.  § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  That product is then adjusted upward or downward based on other specific findings.  *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

## II. Discussion

**A.     Reasonable Hourly Rate**

In general, the hourly rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health and Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

In this case, Mr. Shannon worked in Woodridge, Illinois, which is located approximately 30 miles outside of Chicago in DuPage County. According to the Bureau of Labor Statistics, DuPage County is considered part of the Chicago, Naperville-Arlington Heights, Illinois, Metropolitan Division.[3] Special masters have consistently awarded forum rates to legal professionals practicing in the greater Chicago area. *See, e.g.*, *O'Connor v. Sec'y of Health & Human Servs.*, No. 16-846V, 2017 WL 2303172 (Fed. Cl. Spec. Mstr. Apr. 27, 2017); *Jackson v. Sec'y of Health & Human Servs.*, No. 14-1217V, 2017 WL 2243092 (Fed. Cl. Spec. Mstr. Apr. 26, 2017). Therefore, forum rates apply in this case.

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[4]

Mr. Shannon has been a member of the Illinois Bar since 1991; thus, the applicable range under *McCulloch* is $350-$415. Although Mr. Shannon requested $415 per hour, this is Mr. Shannon's first case in the Vaccine Program, and the lower end of the range is thus appropriate. *See Srour v. Sec'y of Health & Human Servs.*, No. 14-283V, 2017 WL 2537373, at *4 (Fed. Cl. Spec. Mstr. May 17, 2017) (awarding hourly rate based in part on "specific experience with the Vaccine Program"); *Dipietro v. Sec'y of Health & Human Servs.*, No. 15-742V, 2016 WL 7384131, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (considering level of experience in the Vaccine Program in determining appropriate hourly rate). Therefore, the undersigned will award Mr. Shannon attorneys' fees at a rate of $350 per hour.

---

[3] *May 2016 Metropolitan and Nonmetropolitan Area Definitions*, Bureau of Labor Statistics (Mar. 31, 2017), https://www.bls.gov/oes/current/msa_def.htm#16974.

[4] This fee schedule is posted on the court's website. *See Office of Special Masters: Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

Mr. Cummings has been a member of the Illinois Bar since 2014; thus, the applicable range under *McCulloch* is $150-$225. However, Mr. Cummings is not admitted to practice in the Court of Federal Claims.[5] In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the Court of Federal Claims; an attorney who is not eligible to practice in the Vaccine Program cannot recover attorneys' fees. *Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). Accordingly, the work performed by Mr. Cummings will not be compensated at the applicable rate for attorneys. Instead, the undersigned finds it appropriate to use the range applicable to non-attorney-level work, $125-$175, for the hours in which Mr. Cummings performed work in a supportive role. *Cf. O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) (explaining that attorney compensation for non-attorney-level work must be comparable to what would be paid for a paralegal or secretary). Because this is Mr. Cummings' first case in the Vaccine Program, the lower end of the range is appropriate. Therefore, the undersigned will award Mr. Cummings' fees at a rate of $125 per hour.

**B.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" include "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, Special Masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds that a percentage reduction is appropriate as a result of several tasks that were improperly billed.[6] Both Mr. Shannon and Mr. Cummings charged attorney rates for several administrative, paralegal, secretarial, and

---

[5] The Clerk's Office of the Court of Federal Claims confirmed that Mr. Cummings is not admitted to the Court's Bar.

[6] The following entries are examples and are not exhaustive; they merely provide a sampling.

4

clerical tasks including setting up meetings and making travel arrangements.[7] Additionally, they billed time to learn about the Vaccine Program.[8] As set forth above, Mr. Cummings' time will be compensated for only those tasks that were supportive, *i.e.*, paralegal in nature. For these reasons, the undersigned finds that the total award of attorneys' fees, with the hourly rate modification discussed above,[9] should be reduced by 10%. Accordingly, $37,656.00 is awarded in attorneys' fees.

**C.     Reasonable Costs**

Petitioner requested a total of $19,380.69 in attorneys' costs. *See* Motion for Fees, ECF No. 78, Ex. B. The requested costs consist of expert fees, mediation costs, and costs associated with obtaining medical records. *Id.* The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $57,036.69**,[10] representing reimbursement for attorneys' fees in the amount of $37,656.00 and costs in the amount of $19,380.69, in the form of a check made payable jointly to petitioner and petitioner's counsel, Joseph Shannon, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[11]

---

[7] *See, e.g.*, Motion for Fees, ECF No. 78, Ex. B at 4 ("Arranging Skype meeting time") *id.* ("Set up Skype Account for Eval"); *id.* at 6 ("Reviewed calendar for available dates for conference"); *id.* ("Adding Mediation meeting as event on calendar"); *id.* ("Call to Hyatt Regency to Book Conference Room for mediation"); *id.* ("Signed documents confirming conference room booking"); *id.* at 7 ("Cancelling conference room").

[8] *See, e.g.*, Motion for Fees, ECF No. 78, Ex. B ("Review of statutes and mechanics of Vaccine Act"); *id.* at 2 ("[R]eview of statutory recovery under Vaccine Act; review of lien information"); *id.* "[R]eview of procedures"); *id.* at 3 ("Discussion with Court of Federal Claims to get CM/ECF credentials"); *id.* ("[T]elephone conference with DOJ regarding procedural matters; conference with assistant regarding revising all medical record exhibits to conform to procedural rules"); *id.* ("Researching requirements of ECF for excessive sized documents"); *id.* at 5 ("Changed Bates-Stamped #s for Each Exhibit Broke Exhibits down to Make Small Enough to File Uploaded and Filed Exhibits 08-32"); *id.* at 6 ("Phone call with Althea re: Filing Remedy"); *id.* at 7 ("Reviewed Forum Hourly rates Updated all time entries to reflect forum hourly rates reviewed Vaccine Court Rules re: Attorney's Costs and Fees Petition Drafted Attorney's Fees petition").

[9] Mr. Shannon billed 101.4 hours and Mr. Cummings billed 50.8 hours. *See* Motion for Fees, ECF No. 78, Ex. B. Applying the hourly rates determined above, $350 per hour for Mr. Shannon and $125 per hour for Mr. Cummings, renders an initial total of $41,840.00.

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a

**IT IS SO ORDERED.**

                                            **s/ Mindy Michaels Roth**
                                            Mindy Michaels Roth
                                            Special Master

---

notice renouncing the right to seek review.